IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | No. CR-08-25-C |
| ) | |
| KENYATTA DONNELL TUCKER, ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant was observed by an Oklahoma City Police Officer driving without wearing a seatbelt. Recognizing this as a traffic violation, Officer Lambert conducted a routine traffic stop of Defendant. When asked for his driver's license, Defendant produced a state identification card and admitted his license was suspended. Officer Lambert then placed Defendant under arrest for driving under suspension. While conducting a search of the vehicle Defendant was driving, Officer Lambert discovered a pistol and a shotgun. When questioned, Defendant admitted the firearms were his. Having been previously convicted of a felony, Defendant's possession of the firearms is a violation of 18 U.S.C. § 922(g) and he has been charged via indictment with that crime.

Defendant filed the present motion arguing the initial stop of his vehicle was unfounded and therefore all information flowing from that stop should be suppressed. Defendant also argues that his statements regarding ownership of the firearms were made after he was in custody but before he had received Miranda warnings.

On July 9, 2008, the Court conducted a hearing on the issues raised in Defendant's motion. Based on the facts offered at that hearing, the Court finds the traffic stop was valid and that Defendant's statements were made after receiving Miranda warnings. Accordingly, Defendant's motion will be denied.

Routine traffic stops are analyzed under the two-part test announced by the United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 19-20 (1968). United States v. Williams, 403 F.3d 1203, 1206 (10th Cir. 2005).  First, the Court must determine whether the stop was "justified at its inception."  Id.  Second, the Court must determine whether the trooper's conduct during the traffic stop was reasonably related in scope and duration to the circumstances giving rise to the initial traffic stop.  Id.  Here, the Court finds the stop was justified at its inception.  Officer Lambert offered credible testimony that Defendant was not wearing his seatbelt.  While the Court finds the testimony of Mr. Jackson believable, there are numerous reasons to explain the differences in the opinions he reached regarding the visibility of the seatbelt and Officers Lambert's and Miller's testimony on that subject.

Other than the circumstances surrounding the statement, Defendant does not challenge Officer Lambert's conduct following the circumstances of the stop, and the Court finds Officer Lambert's conduct was reasonable in scope and duration.  As part of a routine traffic stop, a law enforcement officer may, without unlawfully expanding the traffic stop's duration, request the driver's license, vehicle insurance and registration, inquire about the driver's authority to operate the vehicle, inquire about the travel history and travel plans of the persons detained, ask about the presence of loaded firearms in the vehicle, examine any

documents produced, run a computer check on the vehicle's registration, run a computer check on persons detained for any criminal history, and issue a citation or warning.  <u>United States v. Holt</u>, 264 F.3d 1215, 1220-26 (10th Cir. 2001); <u>United States v. Wood</u>, 106 F.3d 942, 945 (10th Cir. 1997); <u>United States v. Shareef</u>, 100 F.3d 1491, 1501 (10th Cir. 1996).

As for the voluntariness of the statement, Officer Lambert clearly and unequivocally testified that he placed Defendant under arrest and informed him of his <u>Miranda</u> rights before asking about the firearms.  Defendant offered no evidence to counter that testimony.  Once again, the Court finds Officer Lambert to be credible on the issue.  Because Defendant was aware of his rights and chose to waive them prior to stating his ownership of the guns, those statements are admissible.

For the reasons set forth herein and those announced at the hearing on this motion, Defendant's Motion to Suppress Statement and Items Seized During Search (Dkt. No. 20) is DENIED.  Additionally, for the reasons set forth at the hearing, Defendant's Rule 404(b) Motion (Dkt. No. 19) is DENIED.

IT IS SO ORDERED this 10th day of July, 2008.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge